**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**MOBILE DIVISION**

| | |
|---|---|
| **WELLS FARGO BANK, N.A., as** | ) |
| **successor by merger to Wachovia Bank,** | ) |
| **National Association,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO. _____** |
| | ) |
| **FIRST CLASS AUTO & WHOLESALER,** | ) |
| **INC., and JAMES E. WILLIAMS, JR.** | ) |
| **a.k.a. James E. Williams,** | ) |
| | ) |
| **Defendants.** | |

**<u>COMPLAINT</u>**

COMES NOW the plaintiff, Wells Fargo Bank, National Association, as successor by merger to Wachovia Bank, National Association ("<u>Wells Fargo</u>"), and for its complaint against the defendants First Class Auto & Wholesaler, Inc. ("<u>FCAW</u>"), and James E. Williams, Jr. a.k.a. James E. Williams ("<u>Williams</u>" and, together with FCAW, the "<u>Obligors</u>"), states as follows:

**<u>Parties and Venue</u>**

1.      Plaintiff Wells Fargo is a national banking association with its principal place of business and main office in Minnehaha County, South Dakota.

2.      Upon information and belief, Defendant FCAW is an Alabama corporation with its principal place of business in Prichard, Alabama.

3.      Upon information and belief, Defendant Williams is an adult citizen of the State of Alabama residing in Mobile County, Alabama.

4.      This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy is in excess of $75,000.00.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(a).

1/2562845.1

6.      Each of the Obligors has consented to personal jurisdiction in this Court, and each of the Obligors has waived the right to trial by jury.

**Facts**

**(A)  Williams Loan – Original Principal Amount of $98,000.00.**

7.      Wells Fargo made a loan to Williams in the original principal amount of $98,000.00 (as previously or subsequently renewed, extended, modified, amended, and/or revised from time to time, the "<u>Williams Loan</u>"), which loan is evidenced by that certain *Promissory Note* executed on February 22, 2007, by Williams to the order of Wells Fargo in the original principal amount of $98,000.00, together with interest at the rate of 7.24% per year (as previously or subsequently renewed, extended, modified, amended, and/or revised from time to time, the "<u>Williams Note</u>").  A true and correct copy of the Williams Note is attached hereto as **Exhibit A** and incorporated by reference herein.

8.      As set forth in the Williams Note, Williams agreed to pay regular monthly payments of principal and interest in the amount of $899.69 commencing on March 22, 2007 (the "<u>Williams Monthly Installments</u>"), and continuing on the same day of each month thereafter until February 22, 2022 (the "<u>Williams Maturity Date</u>"), on which date Williams agreed to pay to Wells Fargo all outstanding principal plus all accrued interest owing under the Williams Note.

9.      The Williams Note provides that in the event of a default, Wells Fargo has the right to accelerate and declare immediately due and payable any and all indebtedness and obligations owing under the Williams Note and other Loan Documents (as defined therein), including, without limitation, outstanding principal and accrued interest (including default interest), late fees, attorneys' fees and expenses incurred by Wells Fargo to enforce or collect the indebtedness owing under the Williams Note, and other legally-recoverable amounts.

2

1/2562845.1

10.     Williams is in default under the Williams Note for, among other reasons, failing to pay the Williams Monthly Installments due and owing under the Williams Note since July 22, 2013 (the "Williams Direct Default").

11.     Based on the Williams Direct Default, by letter dated November 14, 2013, Wells Fargo notified Williams of the default and demanded payment of the entire indebtedness owing under the Williams Note (the "Williams Default Notice").  Williams was also notified that if the entire indebtedness was not paid in full by November 24, 2013, Wells Fargo expressly reserved the right to pursue its various rights and remedies, including, without limitation, the commencement of litigation against Williams.  A true and correct copy of the Williams Default Notice is attached hereto as **Exhibit B** and incorporated by reference herein.

12.     Despite Wells Fargo's written demand, Williams has failed to pay Wells Fargo the indebtedness due and owing to Wells Fargo under the Williams Note.

13.     As of December 6, 2013, the principal indebtedness due and owing under the Williams Note is $64,323.70, which sum does not include unpaid interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Wells Fargo in collecting the indebtedness, and other legally-recoverable amounts.

**(B)  FCAW Loan – Original Principal Amount of $278,072.00.**

14.     Wells Fargo made a separate loan to FCAW in the original principal amount of $278,072.00 (as previously or subsequently renewed, extended, modified, amended, and/or revised from time to time, the "FCAW Loan"), which loan is evidenced by that certain *Promissory Note* executed on August 26, 2008, by FCAW to the order of Wells Fargo in the original principal amount of $278,072.00, together with interest at the rate of 7.35% per year (as previously or subsequently renewed, extended, modified, amended, and/or revised from time to

time, the "FCAW Note").  A true and correct copy of the FCAW Note is attached hereto as **Exhibit C** and incorporated by reference herein.

15.      As set forth in the FCAW Note, FCAW agreed to pay regular monthly payments of principal and interest in the amount of $2,570.87 commencing on September 26, 2008 (the "FCAW Monthly Installments"), and continuing on the same day of each month thereafter until August 26, 2013 (the "FCAW Maturity Date"), on which date FCAW agreed to pay all outstanding principal plus all accrued interest owing under the FCAW Note.

16.      The FCAW Note provides that in the event of a default, Wells Fargo has the right to accelerate and declare immediately due and payable any and all indebtedness and obligations owing under the FCAW Note and other Loan Documents (as defined therein), including, without limitation, outstanding principal and accrued interest (including default interest), late fees, attorneys' fees and expenses incurred by Wells Fargo to enforce or collect the indebtedness owing under the FCAW Note, and other legally-recoverable amounts.

17.      Pursuant to that certain *Unconditional Guaranty* dated August 26, 2008 (the "Williams Guaranty" and, together with the FCAW Note, the "FCAW Loan Documents"), Williams absolutely, irrevocably and unconditionally guaranteed the payment and performance of all liabilities and obligations of FCAW to Wells Fargo.  The Williams Guaranty also provides that Williams shall be liable to Wells Fargo for its attorneys' fees and costs incurred to enforce or collect the guaranteed obligations.  A true and correct copy of the Williams Guaranty is attached hereto as **Exhibit D** and incorporated by reference herein.

18.      FCAW is in default under the FCAW Note for, among other reasons, having failed to pay the outstanding principal and accrued interest due and owing under the FCAW Note as of the FCAW Maturity Date (the "FCAW Default").

4

19.     Based on the FCAW Default, by letter dated November 14, 2013, Wells Fargo notified FCAW (as borrower) and Williams (as guarantor) of the FCAW Default and demanded payment of the entire indebtedness owing under the FCAW Loan Documents (the "FCAW Default Notice").  Obligors were also notified that if the indebtedness was not paid in full by November 24, 2013, Wells Fargo expressly reserved the right to pursue its various rights and remedies under the loan documents and applicable law.  A true and correct copy of the FCAW Default Notice is attached hereto as **Exhibit E** and incorporated by reference herein.

20.     Despite Wells Fargo's written demand, neither FCAW (as borrower) nor Williams (as guarantor) has paid the indebtedness due and owing to Wells Fargo under the FCAW Loan Documents.

21.     As of December 6, 2013, the principal indebtedness due and owing under the FCAW Note is $212,001.08, which sum does not include unpaid interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Wells Fargo in collecting the indebtedness, and other legally-recoverable amounts.

22.     Williams' default under the Williams Guaranty also serves as a default under the Williams Note due to the cross-default provision therein (the "Williams Cross Default").

### Count 1 – Breach of Contract (Williams Note)

23.     Wells Fargo incorporates herein all of the allegations and averments set forth in paragraphs 1 through 22.

24.     The Williams Note is a valid and binding contract

25.     Wells Fargo has fulfilled and performed its obligations under the Williams Note.

26.     Williams is in breach of his obligations owing under the Williams Note for, among other reasons, failing to make payments as and when due under the terms thereof.

5

27.     Williams is also in breach of the Williams Note for, among other reasons, his failure to make payments as and when due under the Williams Guaranty.

28.     Despite Wells Fargo's written demand, Williams has failed to perform and remains in breach of his obligations owing under the Williams Note.

29.     As a consequence of Williams' breach and failure to pay his obligations as and when due under the Williams Note, Wells Fargo has suffered damages as set out herein.

WHEREFORE, premises considered, Wells Fargo prays for judgment against James E. Williams, Jr. in the amount of $64,323.70, together with all accruing interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Wells Fargo in collecting the indebtedness owing under the Williams Note, and other legally recoverable amounts.  Wells Fargo prays for such other and further relief as this Court deems appropriate.

## Count 2 – Unjust Enrichment (Williams Loan)

30.     Wells Fargo incorporates herein all of the allegations and averments set forth in paragraphs 1 through 29.

31.     Williams accepted and received the benefits of, and was substantially benefited by, the Williams Loan.  Williams knew, or should have known, that Wells Fargo expected and is entitled to repayment of the Williams Loan.

32.     Wells Fargo is entitled to recover from Williams under the doctrines of *quantum meruit* and/or unjust enrichment in an amount of the reasonable value of the principal owed under the Williams Loan, together with all unpaid interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Wells Fargo in collecting the indebtedness owing on the Williams Loan, and other legally-recoverable amounts.

1/2562845.1

WHEREFORE, premises considered, Wells Fargo prays for judgment against James E. Williams, Jr. in the amount of $64,323.70, together with all unpaid interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Wells Fargo in collecting the indebtedness owing under the Williams Note, and other legally-recoverable amounts.  Wells Fargo prays for such other and further relief as this Court deems appropriate.

<strong><u>Count 3 – Breach of Contract (FCAW Note)</u></strong>

33.     Wells Fargo incorporates herein all of the allegations and averments set forth in paragraphs 1 through 32.

34.     The FCAW Note is a valid and binding contract

35.     Wells Fargo has fulfilled and performed its obligations under the FCAW Note.

36.     FCAW is in breach of its obligations owing under the FCAW Note for, among other reasons, failing to make payments as and when due under the terms thereof.

37.     Despite Wells Fargo's written demand, FCAW has failed to perform and remains in breach of its obligations owing under the FCAW Note.

38.     As a consequence of FCAW's breach and failure to pay its obligations as and when due under the FCAW Note, Wells Fargo has suffered damages as set out herein.

WHEREFORE, premises considered, Wells Fargo prays for judgment against First Class Auto & Wholesaler, Inc., in the amount of $212,001.08, together with all accruing interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Wells Fargo in collecting the indebtedness owing under the FCAW Note, and other legally recoverable amounts.  Wells Fargo prays for such other and further relief as this Court deems appropriate.

1/2562845.1

## Count 4 – Breach of Contract (Williams Guaranty)

39.     Wells Fargo incorporates herein all of the allegations and averments set forth in paragraphs 1 through 38.

40.     The Williams Guaranty is a valid and binding contract.

41.     Wells Fargo has fulfilled its obligations under the Williams Guaranty.

42.     Williams is in breach of his obligations owing under the Williams Guaranty for, among other reasons, failing to make payments as and when due under the terms thereof.

43.     Despite Wells Fargo's written demand, Williams has failed to perform and remains in breach of his obligations owing under the Williams Guaranty.

44.     As a consequence of Williams' breach and failure to pay his obligations as and when due under the Williams Guaranty, Wells Fargo has suffered damages as set out herein.

WHEREFORE, premises considered, Wells Fargo prays for judgment against James E. Williams, Jr. in the amount of $212,001.08, together with all accruing interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Wells Fargo in collecting the indebtedness owing under Williams Guaranty, and other legally recoverable amounts.  Wells Fargo prays for such other and further relief as this Court deems appropriate.

## Count 5 – Unjust Enrichment (FCAW Loan)

45.     Wells Fargo incorporates herein all of the allegations and averments set forth in paragraphs 1 through 44.

46.     FCAW and Williams accepted and received the benefits of, and were substantially benefited by, the FCAW Loan.  FCAW and Williams knew, or should have known, that Wells Fargo expected and is entitled to repayment of the FCAW Loan.

8

47.     Wells Fargo is entitled to recover from FCAW and Williams, jointly and severally, under the doctrines of *quantum meruit* and/or unjust enrichment in an amount of the reasonable value of the principal owed under the FCAW Loan, together with all unpaid interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Wells Fargo in collecting the indebtedness owing on the FCAW Loan, and other legally-recoverable amounts.

WHEREFORE, premises considered, Wells Fargo prays for judgment against First Class Auto & Wholesaler, Inc., and James E. Williams, Jr., jointly and severally, in the amount of $212,001.08, together with all unpaid interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Wells Fargo in collecting the indebtedness owing on the FCAW Loan, and other legally-recoverable amounts.  Wells Fargo prays for such other and further relief as this Court deems appropriate.


/s/ T. Parker Griffin, Jr.
T. Parker Griffin, Jr.
Attorney for Wells Fargo Bank,
National Association


**OF COUNSEL**:

T. Parker Griffin, Jr.
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
Telephone: (205) 521-8524
Telecopier: (205) 488-6524
pgriffin@babc.com

**PLEASE RETURN SUMMONS AND COMPLAINT TO PLAINTIFF'S COUNSEL FOR SERVICE ON DEFENDANTS AS FOLLOWS:**

First Class Auto & Wholesaler, Inc.
c/o James E. Williams (Registered Agent)
4235 St. Stephens Rd.
Prichard, Alabama 36612

James E. Williams, Jr.
4608 Lott Road
Eight Mile, Alabama 36613

1/2562845.1